CULLEN AND DYKMAN LLP
Attorneys for Defendants
4-U PERFORMANCE GROUP LLC and
HOWARD WEISS
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3895
Andrew P. Nitkewicz (AN9927)


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
SHAOXING BON TEXTILES CO., LTD.,

                Plaintiff,

-against-

4-U PERFORMANCE GROUP LLC AND
HOWARD WEISS,

                Defendants,
----------------------------------------------------------------X

16-CV-6805

**ANSWER TO COMPLAINT
WITH COUNTERCLAIMS**

Defendants Request a Jury Trial

Defendants, 4-U PERFORMANCE GROUP LLC and HOWARD WEISS ("Defendants"), by their attorneys, CULLEN AND DYKMAN LLP, answer the Complaint of SHAOXING BON TEXTILES CO., LTD. ("Plaintiff"), as follows:

### "JURISDICTION AND VENUE"

1. Defendants deny the allegations contained in paragraph "1" of the Complaint.

2. Defendants deny the allegations contained in paragraph "2" of the Complaint and respectfully refer all questions of law to the Court.

3. Defendants deny the allegations contained in paragraph "3" of the Complaint and respectfully refer all questions of law to the Court.

## "THE PARTIES"

4. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "4" of the Complaint.

5. Defendants admit the allegations contained in paragraph "5" of the Complaint.

6. Defendants admit the allegations contained in paragraph "6" of the Complaint.

7. Defendants deny the allegations contained in paragraph "7" of the Complaint and respectfully refer all questions of law to the Court.

## "FIRST CAUSE OF ACTION"

8. Defendants deny the allegations contained in paragraph "8" of the Complaint.

9. Defendants deny the allegations contained in paragraph "9" of the Complaint.

10. Defendants deny the allegations contained in paragraph "10" of the Complaint.

11. Defendants deny the allegations contained in paragraph "11" of the Complaint.

12. Defendants admit the allegations contained in paragraph "12" of the Complaint.

13. Defendants deny the allegations contained in paragraph "13" of the Complaint.

14. Defendants deny the allegations contained in paragraph "14" of the Complaint.

15. Defendants deny the allegations contained in paragraph "15" of the Complaint.

16. Defendants deny the allegations contained in paragraph "16" of the Complaint.

## "SECOND CAUSE OF ACTION"

17. Defendants repeat and reallege each and every response and allegation set forth in paragraphs 1 through 16 above as if fully repeated herein.

18. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "18" of the Complaint.

19. Defendants deny the allegations contained in paragraph "19" of the Complaint.

20. Defendants deny the allegations contained in paragraph "20" of the Complaint.

21. Defendants deny the allegations contained in paragraph "21" of the Complaint.

## "THIRD CAUSE OF ACTION"

22. Defendants repeat and reallege each and every response and allegation set forth in paragraphs 1 through 21 above as if fully repeated herein.

23. Defendants deny the allegations contained in paragraph "23" of the Complaint.

24. Defendants admit the allegations contained in paragraph "24" of the Complaint.

25. Defendants deny the allegations contained in paragraph "25" of the Complaint.

26. Defendants deny the allegations contained in paragraph "26" of the Complaint.

## "FOURTH CAUSE OF ACTION"

27. Defendants repeat and reallege each and every response and allegation set forth in paragraphs 1 through 26 above as if fully repeated herein.

28. Defendants deny the allegations contained in paragraph "28" of the Complaint.

29. Defendants deny the allegations contained in paragraph "29" of the Complaint.

## "FIFTH CAUSE OF ACTION"

30. Defendants repeat and reallege each and every response and allegation set forth in paragraphs 1 through 29 above as if fully repeated herein.

31. Defendants deny the allegations contained in paragraph "31" of the Complaint.

32. Defendants deny the allegations contained in paragraph "32" of the Complaint.

33. Defendants deny the allegations contained in paragraph "33" of the Complaint.

34. Defendants deny the allegations contained in paragraph "34" of the Complaint.
35. Defendants deny the allegations contained in paragraph "35" of the Complaint.
36. Defendants deny the allegations contained in paragraph "36" of the Complaint.

## "SIXTH CAUSE OF ACTION"

37. Defendants repeat and reallege each and every response and allegation set forth in paragraphs 1 through 36 above as if fully repeated herein.
38. Defendants admit the allegations contained in paragraph "38" of the Complaint.
39. Defendants admit the allegations contained in paragraph "39" of the Complaint.
40. Defendants deny the allegations contained in paragraph "40" of the Complaint.
41. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "41" of the Complaint.
42. Defendants deny the allegations contained in paragraph "42" of the Complaint.
43. Defendants deny the allegations contained in paragraph "43" of the Complaint.
44. Defendants deny the allegations contained in paragraph "44" of the Complaint.
45. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "45" of the Complaint.
46. Defendants deny the allegations contained in paragraph "46" of the Complaint.
47. Defendants deny the allegations contained in paragraph "47" of the Complaint.
48. Defendants deny the allegations contained in paragraph "48" of the Complaint.

## "SEVENTH CAUSE OF ACTION"

49. Defendants repeat and reallege each and every response and allegation set forth in paragraphs 1 through 48 above as if fully repeated herein.

50. Defendants deny the allegations contained in paragraph "50" of the Complaint.

51. Defendants deny the allegations contained in paragraph "51" of the Complaint except admit that certain products would be sold at market price.

52. Defendants deny the allegations contained in paragraph "52" of the Complaint.

53. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "53" of the Complaint.

54. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "54" of the Complaint.

55. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "55" of the Complaint.

56. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "56" of the Complaint.

57. Defendants deny the allegations contained in paragraph "57" of the Complaint.

58. Defendants deny the allegations contained in paragraph "58" of the Complaint.

59. Defendants deny the allegations contained in paragraph "59" of the Complaint.

60. Defendants deny the allegations contained in paragraph "60" of the Complaint.

## AFFIRMATIVE DEFENSES TO COMPLAINT

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint is barred by Plaintiff's material breaches of, and failure to comply with, its own statutory, regulatory, contractual and other legally binding obligations.

### THIRD AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrines of waiver, ratification, estoppel and/or laches.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by Plaintiff's fraudulent and otherwise wrongful actions and inactions.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its alleged damages.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Defendants because no act by any Defendant was the proximate cause of any harm to Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, as a result of Plaintiff's failure to perform.

### NINTH AFFIRMATIVE DEFENSE

The Complaint fails to state or allege fraud with particularity with respect to any Defendant as required by Fed. R. Civ. P. 9(b).

### TENTH AFFIRMATIVE DEFENSE

The documentary evidence mandates that the relief sought in this action be denied and the Complaint dismissed.

### ELEVENTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed because Plaintiff has not suffered any damages.

### TWELFTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part because Plaintiff's claims are unripe.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part by the doctrine of accord and satisfaction.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint fails to plead the causes of action against Defendants with the required particularity.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Complaint fails to plead any basis that defendant HOWARD WEISS owed a duty to Plaintiffs.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks privity with defendant, HOWARD WEISS, in that said defendant has never entered into any contract, express or implied, with Plaintiffs.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff does not have standing to bring the alleged causes of action because no contractual obligation exists between defendant HOWARD WEISS and Plaintiffs.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant, HOWARD WEISS, is shielded from any and all alleged personal liability, obligation and/or damages by the Delaware Limited Liability Company Act.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendant, HOWARD WEISS, is shielded from any and all alleged personal liability, obligation and/or damages by the New York Limited Liability Company Law and the New York Business and Corporations Law.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendant, HOWARD WEISS, is shielded from any and all alleged personal liability, obligation and/or damages by virtue of the fact that any and all acts were performed by him as a

member of valid, existing limited liability company which shields its employees, officers and members form any and all personal liability.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims against defendant HOWARD WEISS are frivolous and groundless, and, therefore, Defendant is entitled to reimbursement of all costs and attorney's fees incurred in defending against the Complaint.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The Complaint fails to plead the requisite facts and law required to warrant the granting of equitable relief.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The Complaint fails to plead the requisite facts and law required to warrant the imposition of a constructive trust and promissory estoppel.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed because the Plaintiffs breached its express warranties that it could manufacture and deliver first quality goods in a timely manner.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed because the Plaintiffs breached its implied warranty of merchantability.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed because the Plaintiffs breached its implied warranty of fitness for a particular purpose.

## COUNTERCLAIMS

### FIRST COUNTERCLAIM

### "Breach of Express Warranties"

1. Defendants repeat and reallege each and every allegations set forth in the Answer, paragraphs 1 through 60, as if fully repeated herein.

2. Upon information and belief, plaintiff, SHAOXING BON TEXTILES CO., LTD., is a foreign corporation which regularly engages in business in the United States and, more particularly, New York.

3. Plaintiff and Defendants are merchants within the meaning of Article 2 of the Uniform Commercial Code.

4. Plaintiff regularly solicits business in New York County, New York and did solicit business from Defendants.

5. At all times involved herein, Plaintiff, its agents, servants and/or employees were fully aware of the nature of Defendants' business; and the particular purpose for which the goods were required by Defendants, to wit, to manufacture finished ladies' garments for the ultimate resale of the goods to Defendants' customers.

6. In procuring business from Defendants for the goods involved herein, Plaintiff, its agents, servants and/or employees explicitly warranted to Defendants that said garments would be of first quality, free of defects; that Plaintiff had the ability and capacity to supply and produce the required garments; and that Plaintiff could timely and with first quality merchandise fulfill Defendants' requirements.

7. Said express warranties were untrue.

8. Defendant provided appropriate and proper notice to Plaintiff of Plaintiff's breach of its aforesaid warranties, but Plaintiffs failed and refused to cure said breaches.

9. By virtue of the Plaintiffs' breach of their express warranties, Defendants have sustained damages in a sum to be proven at trial.

## SECOND COUNTERCLAIM

### "Breach of Warranty of Merchantability"

10. Defendants repeat and reallege each and every allegations set forth in paragraphs 1 through 9, as if fully repeated herein.

11. As a result of the aforementioned defective quality of the goods, they were not fit for the ordinary purposes for which such goods are used, and thereby, Plaintiffs breached their warranty of merchantability under which said goods were sold.

12. By virtue of the Plaintiffs' breach of their warranty of merchantability, Defendants have sustained damages in a sum to be proven at trial.

## THIRD COUNTERCLAIM

### "Breach of Warranty of Fitness"

13. Defendants repeat and reallege each and every allegations set forth in paragraphs 1 through 12, as if fully repeated herein.

14. At all times involved herein, Plaintiff, its agents, servants and/or employees were fully aware, or should have been aware, that Defendants were relying on Plaintiff's skill and judgment in furnishing appropriate and proper goods to or on behalf of Defendants.

15. In utilizing Plaintiffs for the goods involved herein, Defendants relied upon Plaintiff's skill, judgment and representations in expecting to be furnished proper goods.

16. The goods involved herein, however, were defective in their quality, not as represented or agreed upon, and unfit for the particular purpose for which said goods were required.

17. Plaintiff thereby breached its warranty of fitness for a particular purpose under which said goods were produced.

18. By virtue of the Plaintiffs' breach of their warranty of fitness, Defendants have sustained damages in a sum to be proven at trial.

## FOURTH COUNTERCLAIM

### "Breach of Contract"

19. Defendants repeat and reallege each and every allegations set forth in paragraphs 1 through 18, as if fully repeated herein.

20. At all times involved herein, a contract existed by and between plaintiff, SHAOXING BON TEXTILES CO., LTD and Defendant, 4-U PERFORMANCE GROUP LLC whereby Plaintiff promised and agreed to manufacture and timely deliver goods for the ultimate resale to Defendants' customers during the Fall of 2015 season.

21. Defendants justifiably relied on Plaintiff's aforementioned promises.

22. Plaintiff, its agents, servants and/or employees were fully aware, or should have been aware that said goods were to be specifically designated by Defendants for use in products specifically marketed to and usable for the end user in the Fall of 2015 season.

23. Plaintiff, its agents, servants and/or employees were fully aware, or should have been aware, that Defendants were relying on Plaintiff's skill and judgment in furnishing appropriate and proper goods in a timely manner to or on behalf of Defendants.

24. In utilizing Plaintiff for the goods involved herein, Defendants relied upon Plaintiff's skill, judgment and representations in expecting to be furnished proper goods in a timely manner and free from defects.

25. The goods involved herein, however, were not timely delivered by Plaintiff and, in fact, were not delivered until well-after the time they could be utilized for the Fall 2015 season.

26. Once the goods were delivered they were faulty, defective and no longer sellable and/or marketable.

27. Plaintiff thereby breached its contract with plaintiff to timely deliver goods which were free from defects.

28. By virtue of the Plaintiffs' breach of their warranty of fitness, Defendants have sustained damages in a sum to be proven at trial including, but not limited to carrying and storage costs for goods which were untimely and defective.

## FIFTH COUNTERCLAIM

### "Fraud"

29. Defendants repeat and reallege each and every allegations set forth in paragraphs 1 through 27, as if fully repeated herein.

30. Plaintiff's principal, William Tang, individually and on behalf of plaintiff, SHAOXING BON TEXTILES CO., LTD., solicited business from Defendants.

31. In procuring business from Defendants for the goods involved herein, William Tang, individually and on behalf of Plaintiff, explicitly informed and assured Defendants that Plaintiff had the ability to timely deliver garments of first quality, free of defects; that Plaintiff had the ability and capacity to supply and produce the required

Case 1:16-cv-06805-JSR   Document 9   Filed 09/06/16   Page 15 of 17

garments; and that Plaintiff could timely and with first quality merchandise fulfill Defendants' requirements.

32. Said assurances were false.

33. At the time Plaintiff's principal, William Tang, individually and on behalf of plaintiff, SHAOXING BON TEXTILES CO., LTD., made such assurances to Defendants he fully knew the assurances to be false.

34. William Tang, individually and on behalf of plaintiff, SHAOXING BON TEXTILES CO., LTD., made such false assurances to Defendants to fraudulently induce Defendants to enter into contracts with Plaintiffs.

35. Such purposefully false assurances William Tang, individually and on behalf of plaintiff, SHAOXING BON TEXTILES CO., LTD., constituted fraud.

36. By virtue of the Plaintiff's fraud, Defendants have sustained damages in a sum to be proven at trial.

WHEREFORE, Defendants, 4-U PERFORMANCE GROUP LLC and HOWARD WEISS respectfully request that the Court enter judgment as follows:

1. Dismissing the Complaint in its entirety.
2. On the First Counterclaim in a sum to be proven at trial.
3. On the Second Counterclaim in a sum to be proven at trial.
4. On the Third Counterclaim in a sum to be proven at trial.
5. On the Fourth Counterclaim in a sum to be proven at trial.
6. On the Fifth Counterclaim in a sum to be proven at trial.
7. Awarding Defendants costs, interests, expenses and attorney's fees.
8. Granting such other and further relief as to the court may seem just and equitable.

Dated:  Garden City, New York
September 6, 2016

Yours, etc.

**CULLEN AND DYKMAN LLP**

By: _____
ANDREW P. NITKEWICZ
Attorneys for Defendants
4-U PERFORMANCE GROUP LLC and
HOWARD WEISS
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3895

TO: SCHLACTER & ASSOCIATES
Attorneys for Plaintiff
SHAOXING BON TEXTILES CO., LTD.,
450 Seventh Avenue
New York, New York 10123
(212) 695-2000

STATE OF NEW ~~JERSEY~~ YORK )

                               ) ss.:

COUNTY OF NEW YORK )

HOWARD WEISS, being duly sworn, states that he is an individually named defendant in this action and President/Owner of defendant, 4-U Performance Group LLC and that the foregoing answer with counterclaims is true to his own knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters he believes them to be true.

_____
HOWARD WEISS individually and as
President/Owner of Defendant
4-U PERFORMANCE GROUP LLC

On the 6TH day of September, 2016 before me came and appeared HOWARD WEISS, to me known to be the individual described in and who executed the foregoing instrument and who duly acknowledged that he executed same.

_____
Notary Public

OKEY ARIZOR
NOTARY PUBLIC, STATE OF NEW YORK
LIC. #01AR6189659
COMM. EXP. 06/30/2020
COMMISSIONED IN BRONX COUNTY